We'll hear argument in the final argued matter this morning. Raymond Loubier Irrevocable Trusts versus Noella Loubier, 18-1054. Please proceed. Good morning, your honors. May it please the court, I am attorney Eddie Zykle representing the plaintiff below and the appellant here. This case is back before this court following a reversal by this court and remand on the issue of subject matter jurisdiction. On remand, the district court held that there was a lack of personal jurisdiction and refused to transfer the case to the Southern District of Florida where personal jurisdiction would undoubtedly be proper. I'd like to just emphasize a couple of areas which are laid up much more so in my two briefs. Could you answer one question for me? Is the question of transfer versus dismissal of any meaningful significance in this case? In other words, for example, would a suit newly brought in Florida be barred by limitations? Is that the problem? Or is this just an academic debate about whether or not it's a transfer? Your honor, I'm having difficulty hearing you. I apologize. I have new hearing aids and they're not calibrated. I'll do my best. Thank you, your honor. That's the first time anybody ever said that to me. My question to you was whether this dispute about transfer or no transfer is entirely academic or whether something really turns on it. For example, would a new action if commenced in Florida within the next six months be barred by the statute of limitations? Your honor, respectfully, I don't believe that it is academic because there is a significant history with this case. It's been up here to the Second Circuit and a long and hard-fought decision was rendered concerning subject matter jurisdiction. Yeah, I understand all that, but the fact that you've litigated here before is not really responsive, I think, to my concern. If we were to affirm your clients could start a new case in Florida making the same claims, true or false? Well, we would probably be using the same claims. Is there any reason why such an action would be barred? I am not aware of any. Thank you. But if I might respond further on that, it would seem to me that that would invite a terrible case of judicial inefficiency because the whole area of subject matter jurisdiction, I suspect, would probably be attempted to be re-litigated by the defendants in the case. That's already been litigated in our district court in Connecticut as well as, more importantly, in this particular case, in this particular court. There should be no need or no basis for it to run itself all the way on up to Atlanta with the Eleventh Circuit after that issue has been put to bed. Subject matter jurisdiction can be raised at any time, right? If the case were transferred to Florida instead of dismissed and re-instituted in Florida, your adversary could raise subject matter jurisdiction to the same extent that it could on a new litigation, couldn't it? Well, I understand that, but not once the issue has been resolved, and the issue has been resolved here. It's been resolved just as much whether the case is transferred, or just as much or just as little whether the case is transferred or re-instituted. It's been resolved in the dispute between these two litigants on these facts. It's been resolved, either it has been or it hasn't been resolved. But that doesn't turn on whether the case is dismissed and re-instituted in Florida or transferred. But it hasn't been, the issue of subject matter jurisdiction has been resolved. And it would seem to me if we go round and round and round, that is the quintessential element of judicial inefficiency. And the simplest, most correct thing to do under the history of this case would be to transfer it to the Southern District of Florida, where- In Florida, if you re-institute the case in Florida, and your adversary says there's no subject matter jurisdiction, won't you say to the court, that's been resolved in the Second Circuit? Yes, Your Honor. I thought so. All right, we, I think, have the benefit of your opening argument squarely in mind. We'll hear from your adversary, and then you've got three minutes for rebuttal. Okay, thank you, Your Honor. Please, the court, your honors. Howard Kamarick from the Gray Robinson Law Firm in Fort Lauderdale. First, I want to thank the court for permitting me to appear from out of state here today. As the court's aware, this is a very narrow issue on appeal. Council has not contested the court's finding that personal jurisdiction is lacking. He is only appealing the district court's decision to dismiss- When was the issue of personal jurisdiction first raised by you? Over five years ago, in the initial motions to dismiss, the district court- They've been aware of a contest to personal jurisdiction since right after, and if they wanted to protect by filing in Florida, they could have done it then. That's correct. And they could do it now, is that correct? Is counsel's understanding correct? If the case stands dismissed, he could refile the case in the southern district of Florida. Yes, and there's no time bar or other obstacle? Well, I'm glad your honor asked, because I did research that issue. And I'm compelled first to say that the appellant in no manner or form has raised in his briefs time bar as a reason why it should be transferred as opposed to dismissed. He said he thought not just this morning, and I wanted to know whether you agree with him. I do agree with him, but I'm going to say for a different reason. Because it is my belief, to the extent that I can divine the claims at all, that the claims were time barred when they were first filed five years ago. They're based upon the formation and funding of trust in 2003 and 2005, that the latest date there is eight years before this case was filed. So I don't think this dismissal creates a statute of limitations problem that didn't already exist. You're saying he would be no worse off- Correct. In Florida, were he to file suit in Florida next week, than he was when he filed this suit in the first place. That's correct. If we ever got to the merits of this case, statute of limitations would have been a significant issue, even in the District of Connecticut. Thank you. So there are two general grounds to dismiss in favor of transferring. And the district court cited both of them well within the court's discretion. The first one is if the plaintiff fails to exercise diligence in choosing or knowingly chooses a form that is incorrect. The rationale there being to not reward the plaintiff for an improper form selection. The court cited that these defendants have never had the slightest jurisdictional contact to the state of Connecticut. And I think it's very relevant that on the appeal, counsel has not only conceded that now, but he has affirmatively stated in his briefs that he agrees with it. This is the third iteration of the complaint. Each time has been met with a personal jurisdictional defense. The substantial affidavits establishing that have been filed and refiled. Any time in the last five years, as counsel said, we've been up and down in this court. He could have recognized what he agrees now, that Connecticut was the wrong form. So, I mean, if that doesn't show a lack of diligence or the intentional choosing of a wrong form, it's genuinely hard to imagine what would. The other reason, which is also well within district court's discretion, to dismiss rather than transfer, was that the case, as alleged, clearly lacks merit. On this point, the district court's opinion focused on a specific issue. The fact that the name plaintiffs, which are in a state and two common law trusts, lack the capacity to sue in their own names. Under Connecticut law, as well as under Florida law, that is an accurate statement. That's what the court focused upon. The court did describe the claims in the general sense as meritless, so I don't think the district court ignored or asserted as to why the claims lack merit. Quickly, one, two, and three, the pleading continues in now its third iteration to be woefully deficient under the standards of Ashcroft v. Ickball, it's been a persistent problem that there's been no wrongdoing of any kind actually alleged in the complaints. The appellant sued only for an accounting, which under Connecticut and as I said, there's no underlying cause of action that's been asserted in any of the versions of the pleading. And finally, something that is new is that the trust documents on their face reveal that the claims lapsed when the original plaintiff, his name is Gervais-Lubier, he died during the pendency of this case. And I have a citation to the record of the trust that showed that in order to even have a continuing beneficial interest in the trust, of which he had one, he would have had to have survived my client, Noelle Lubier, and he did not. So there are a myriad of reasons why the claim lacks merit, and the case law says that, in this case, the Southern District of Florida's time should not be wasted by a transfer in favor of a dismissal. So for the reasons of lack of diligence and lack of merit, it is respectfully requested that the court affirm the district court's opinion. Thank you. We'll hear rebuttal. Thank you, your honor. Yes, first, the brother counsel is simply dead wrong on the law in this circuit, as far as considering the merits of the underlying case at this stage of the proceeding. And I refer to, at page three of my brief, this court's en banc decision in Aerosmith versus United Press International. We believe that there is merit, but the Aerosmith case clearly indicates that on issues of venue and personal jurisdiction, that that is not to be considered. Secondly, the brother counsel states that to compel an accounting is not an available- Sorry, you say Aerosmith said that the merits are not to be considered as to which questions? On, uh, are not to be considered on issues of venue or personal jurisdiction. Well, venue meaning the correctness of venue, or transfer of venue? The correctness of venue. That's not the issue that we're considering. The issue we're considering is whether to bother transferring a case to another . . . It's not an issue of whether the venue was appropriately raised. I mean, that was a separate question. No, that's a separate . . . It is the further question, once that has been determined, once the jurisdiction has been determined in the negative, the question is whether to transfer the case to another district. That's correct. It's not an issue that was covered in Aerosmith, was it? Right. That . . . It's a different question than the correctness. Yes, I agree with the substance of your question. Okay. But the point is that . . . You agree with your adversary. Pardon me? You agree with what your adversary said. Let it pass. Well, my understanding of Aerosmith is that that issue should not be considered in this proceeding. But the last thing I'd like to point out is that in Connecticut, pursuant to the Chase Manhattan case, which is in my brief, and again in Florida law, the same in the Landau case, which is in my that can be sued on and happens often. With that, I have nothing further unless you . . . Thank you very much. We'll reserve the decision. Okay. The final matter on today's calendar, SHOJ v. Harlem Hospital Center, 18392, is submitted. With that, we'll adjourn court.